IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| TIMOTHY LYNN RUTHERFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-CV-007 |
| | ) 2:16-CR-125 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Timothy Lynn Rutherford's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 64].[1] The United States responded in opposition. [Doc. 7]. Thereafter, Petitioner, through counsel, filed a supplemental § 2255 motion. [Doc. 13]. Petitioner then filed a *pro se* motion to file an addendum to his § 2255 motion, adding an additional claim. [Doc. 14]. The United States responded partially opposing Petitioner's supplements to his § 2255 motion. [Doc. 18]. Petitioner, both *pro se* and through counsel, has filed additional replies. [Docs. 15, 19, 21]. For the reasons below, Petitioner's § 2255 motion [doc. 1; crim. doc. 64] will be denied in part and taken under advisement in part.

---

[1] Document numbers not otherwise specified refer to the civil docket.

## I. BACKGROUND

In 2016, Petitioner was indicted on charges of: (1) enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count 1); and (2) interstate travel by an unregistered convicted sex offender and commission of a crime of violence, in violation of 18 U.S.C. § 2250(a) and (d) (Count 2). [Crim. Doc. 1].

Petitioner entered into a written plea agreement, in which he agreed to plead guilty to both counts of the indictment. [Crim. Doc. 47 at 1]. Of relevance, the plea agreement listed the elements of each offense, including Count 1, which were explained as follows:

1) The defendant knowingly attempted to use a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen to engage in prostitution or sexual activity;

2) The defendant believed that such individual was less than eighteen years of age; and

3) The defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

[*Id.* at 2]. To satisfy the elements of each offense, Petitioner stipulated to the following facts. On October 30, 2000, Petitioner was convicted in the United States District Court for the Western District of Oklahoma of using a means of interstate commerce to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). [*Id.* at 3]. Based on this predicate sex offense conviction, Petitioner was required to register under the federal sex offender registration law and under sex offender registration laws in any state in which he resided for the remainder of his life. After his release from prison, Petitioner moved to Virginia. While there, Petitioner was convicted on two separate occasions of failing to register as a convicted sex offender. He was last registered with the

Virginia authorities on June 27, 2014. On or about June 28, 2014, Petitioner travelled from Virginia to Tennessee, and remained in Tennessee until on or about September 30, 2014, when he moved to Florida. While in Tennessee, Petitioner never registered as a convicted sex offender with Tennessee law enforcement authorities, despite Tennessee's requirement that he register within 48 hours of entering the state. [*Id*.].

While staying in hotels in Tennessee throughout August and September 2014, Petitioner went on the internet and pretended to be a thirteen-year-old girl named Kelly Rollins with the username "Planegirl6060" to contact minors for the purpose of illegal sexual activity. [*Id*. at 4]. Petitioner, as "Planegirl6060," contacted an individual with the username "VaGrl," who told Petitioner that they were a thirteen-year-old girl living in Virginia. In reality, "VaGrl" was a detective with the Fairfax County Sheriff's Office in Virginia, acting in an undercover capacity. After a few chat sessions with "VaGrl," Petitioner, as "Planegirl6060," introduced "VaGrl" to her uncle, "Flyguy6060," who was also Petitioner. During August and September 2014, Petitioner, as "Flyguy6060," engaged in overtly sexual communications with "VaGrl," including overt attempts to induce and entice "VaGrl," whom he believed to be thirteen years old, to engage in sexual activity including sexual intercourse. [*Id*.].

As to Count 2, the plea agreement noted that, while Petitioner was in an unregistered status and travelling in interstate commerce, he committed the federal crime of enticement of a minor to engage in illegal sexual activity, which the plea agreement identified as a statutory crime of violence as defined by 18 U.S.C. § 16. [*Id*. at 5]. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that the appropriate disposition

of this case would be a sentence of 180 months' imprisonment as to Count 1 and 60 months' imprisonment as to Count 2, to be served consecutively, for a total of 240 months' imprisonment. [*Id.* at 5-6]. The plea agreement also contained both an appeal and collateral attack waiver. [*Id.* at 8]. As to the collateral attack waiver, Petitioner retained only the right to file a § 2255 motion based on (1) prosecutorial misconduct, or (2) ineffective assistance of counsel. [*Id.*]. Minutes from the plea hearing indicate that Petitioner was specifically advised of his rights, pursuant to Rule 11. [Crim. Doc. 48].

The presentence investigation report ("PSR") calculated Petitioner's advisory guidelines range as 262 to 327 months' imprisonment. [Crim. Doc. 50 at ¶ 95]. Nevertheless, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement, and imposed the below-guidelines, agreed-upon total sentence of 240 months. [Crim. Doc. 61 at 2]. Judgment was entered on February 4, 2018, and Petitioner filed the instant § 2255 motion on January 14, 2019. [Crim. Docs. 61, 64].

## II.     STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding

4

invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v.*

*United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)).  An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III.    ANALYSIS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the *Strickland* standard for proving ineffective assistance, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.*

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688.  A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.  The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the

6

circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

## Claim 1:

In his first claim, Petitioner argues that counsel was ineffective in failing to challenge the retroactive application of 18 U.S.C. § 2250 based on the non-delegation clause of the Constitution. [Doc. 1 at 4]. Petitioner asserts that he was convicted of a sex crime seven years before § 2250 was enacted. [*Id.*]. He contends that the United States Attorney General added the registration requirement ex post facto in violation of the non-delegation clause, and cites the Supreme Court's grant of certiorari in *Gundy v. United States* in support. [Doc. 2 at 5]. Petitioner contends that the *Gundy* cert grant existed at the time of his sentencing, but counsel did not raise the issue. [*Id.*].

The government responds that the Sixth Circuit has already considered and rejected this argument in *United States v. Felts*, 674 F.3d 599 (6th Cir. 2012). [Doc. 7 at 4]. Moreover, the government contends that the grant of cert in *Gundy* had no precedential

7

effect, therefore, if counsel had made the argument, the Court would have been required by binding precedent to reject it. [*Id*. at 5]. Further, the government argues that counsel cannot be faulted for failure to anticipate a change in the law. [*Id*.]. Petitioner replies that, if the defendant in *Gundy* prevailed on appeal, it would directly affect the instant case. [Doc. 15 at 1].

*Gundy* was decided in June 2019. There, the Supreme Court held that 34 U.S.C. § 20913(d), enacted as part of the Sex Offender Registration and Notification Act ("SORNA"), does not violate the non-delegation doctrine. *Gundy v. United States*, 139 S. Ct. 2116, 2121 (2019). Section 20913(d) requires the Attorney General to apply SORNA registration requirements as soon as feasible to offenders convicted before the statute of enactment. *Id*.

In *Felts*, the Sixth Circuit noted that courts have consistently rejected the argument that retroactive application of SORNA violates the ex post facto clause. 674 F.3d at 606. The Sixth Circuit also held that SORNA did not violate the non-delegation clause. *Id*.

Here, Plaintiff plainly cannot demonstrate any prejudice with regard to his claim that counsel failed to raise the argument that SORNA's retroactive application violates the non-delegation or ex post facto clauses of the Constitution. These claims were foreclosed by Sixth Circuit precedent at the time of sentencing, and thus, had counsel raised such arguments, the Court would have been bound to reject them. Moreover, even if counsel had preserved the non-delegation issue based on the grant of certiorari in *Gundy*, the *Gundy* Court rejected the non-delegation argument that Petitioner raises, so Petitioner would not have succeeded on appeal. Ultimately, Petitioner cannot show any prejudice with regard

to counsel's failure to raise these meritless arguments, and thus, Petitioner has not met his burden of showing that counsel was ineffective. Accordingly, Claim 1 will be **DENIED**.

**<u>Claim 2:</u>**

In his second claim, Petitioner asserts that counsel failed to properly explain the elements that the government had to prove for a § 2422(b) conviction. [Doc. 1 at 5]. Petitioner contends that he was a wanted fugitive fleeing Virginia and therefore he never intended to travel to meet anyone in Virginia. [Doc. 2 at 6]. Petitioner argues that the detective tried to lure him to Virginia several times, but he refused. He asserts that there was no attempt to commit a crime because there was no intent and no step beyond mere talk. [*Id*.]. Petitioner argues that, if he had known and understood the elements of the offense, he "would have viewed all things surrounding this charge in a different light, and the outcome would have been different." [*Id*. at 7].

The government responds that, regardless of counsel's explanation, the elements of the offense were set forth in the written plea agreement that Petitioner signed, and those elements were discussed during the plea colloquy. [Doc. 7 at 6]. Moreover, consistent with Rule 11 and the Court's standard practice, Petitioner would have been asked, after being advised of the elements, whether pleading guilty because he was in fact guilty, and he agreed. [*Id*.].

Petitioner replies that counsel did not explain the type of communication about sexual relations that constitutes "persuasion" or "enticement." [Doc. 15 at 1]. He contends that the government must show "coaxing" on the part of a defendant. [*Id*.]. Petitioner

9

contends that there was no travel or attempt to travel, no coaxing, and no substantial step to attempt to violation the section. [*Id*. at 2].

Section 2442(b) makes it a crime to use, or attempt to use, any facility or means of interstate commerce to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense[.]" 18 U.S.C. § 2422(b). The Sixth Circuit has held that "persuade" within the meaning of § 2422(b) has an ordinary meaning that is not subject to ambiguity. *United States v. Hart*, 635 F.3d 850, 858 (6th Cir. 2011). In so holding, the Sixth Circuit noted that the Third Circuit had indicated that the term "persuade" has "a plain and ordinary meaning that does not need further technical explanation" and the term is "sufficiently precise to give a person of ordinary intelligence fair notice as to what is permitted and what is prohibited[.]" *Id.* at 857 (quoting *United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006)). The Sixth Circuit further cited the Second Circuit's holding that "[t]he words attempt, persuade, induce, entice, or coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings. . . sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct." *Id.* (quoting *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007)).

First, to the extent that Petitioner alleges that his counsel was ineffective in failing to inform Petitioner of the elements of the § 2422(b) offense, Petitioner cannot establish prejudice because he was clearly informed of those elements. The written plea agreement, signed by Petitioner, plainly set forth the elements. [Doc. 47 at 2, 10]. Moreover,

consistent with Federal Rule of Criminal Procedure 11(b)(1)(G), as a matter of course, the Court requires the government to read the elements of each offense in open court at the change-of-plea hearing. Accordingly, based on the record, it is clear that Petitioner was informed of the elements of the § 2422(b) offense so, even assuming that counsel did not inform Petitioner of these elements, Petitioner cannot show any prejudice.

Second, to the extent that Petitioner's claim asserts that counsel failed to define the terms "persuade," "induce," "entice," or "coerce," it is clear under Sixth Circuit case law, which was available at the time of Petitioner's conviction, that the terms in § 2422(b) are not terms of art and require no technical definition. Indeed, the Sixth Circuit has made clear that these terms have their plain and ordinary meaning, which would be easily understood by a person of reasonable intelligence. Based on this case law, counsel could not have performed deficiently in failing to define these terms for Petitioner, particularly in light of the lack of any allegation that Petitioner expressed confusion about these terms. Accordingly, Petitioner has not met his burden of establishing that counsel was ineffective in this regard, and Claim 2 will be **DENIED**.

**Claim 3:**

In his third claim, Petitioner argues that he advised his counsel of a jurisdictional issue on his 2000 conviction, because he believes he did not plead to a necessary element of the offense. [Doc. 1 at 6]. He states that he believes that the plea colloquy will show that he stated that he became aware of the victim's age only after she travelled to Oklahoma. [*Id.* at 7]. Thus, he contends that he is actually innocent of his 2000 conviction. [*Id.*].

11

The government responds that Petitioner has identified no basis upon which counsel could have collaterally attacked the validity of the 2000 conviction. [Doc. 7 at 7]. Accordingly, the Court would have rejected this argument, and counsel was not ineffective for failing to raise a meritless argument. [*Id.*].

The Court first notes that the language used by Petitioner in his § 2255 motion is insufficient to establish any prejudice. In his claim, Petitioner states that "[t]o the best of [his] recollection" he did not plead guilty to a required element of the enticement offense, and he "believes" the record of the plea colloquy will support this contention. [Doc. 1 at 6-7]. In his memorandum, Petitioner argues that "if [he] is right" the outcome of the instant case would have been different, had counsel raised the issue. [Doc. 2 at 7]. Petitioner's hypothetical and speculative claims here are insufficient to show that the outcome of this case would have been different but for the deficient performance of counsel. Accordingly, for this reason alone, Petitioner's third claim is due to be denied.

Moreover, even if Petitioner had stated a cognizable claim of ineffective assistance of counsel, he could not have challenged his 2000 federal conviction before this Court in the underlying criminal proceeding. Instead, the proper procedure for challenging that conviction would have been to file a timely § 2255 motion in the Western District of Oklahoma. Notably, the Supreme Court has held that, if, by the time of sentencing, a prior conviction has not been set aside on direct or collateral review, "that conviction is presumptively valid and may be used to enhance the federal sentence." *Daniels v. United States*, 532 U.S. 374, 382 (2001) (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)). The only exception to this rule is if the enhanced federal sentence will be based in part on

12

a prior conviction obtained in violation of the right to counsel. *Id*. The Court concludes that the same analysis applies to Petitioner's SORNA violation. His underlying conviction was presumptively valid at the time of the instant criminal conviction, and counsel in this case had no grounds to collaterally attack it. Further, the time for filing a § 2255 motion collaterally attacking the 2000 conviction had long expired. Accordingly, counsel did not perform deficiently in failing to raise this argument, and Claim 3 will be **DENIED**.

**Claim 5:**

After filing his § 2255 motion, on June 24, 2019, Petitioner filed a motion to amend his § 2255 motion to add a fifth claim. [Doc. 14]. In this claim, Petitioner contends that his counsel failed to challenge the guidelines enhancement under U.S.S.G. § 4B1.5. [Doc. 14-1 at 1]. He contends that, in light of the case law regarding the Armed Career Criminal Act and 18 U.S.C. § 16(b), the identical wording of § 4B1.5 should be invalidated. [*Id*.].

The government responds that this proposed amendment is untimely and the new claim does not relate back to the original claims. [Doc. 18 at 5-6]. The United States further contends that § 4B1.5 does not require proof of violence for application of the enhancement and the title of that guideline ("Repeat and Dangerous Sex Offender Against Minors") merely reflects that sex offenders present a continuing danger to the public. [*Id*. at 7].

Petitioner replies that his amendment is not time-barred because: (1) the issue is part and parcel of those already before the Court; (2) *United States v. Davis*, 139 S. Ct. 2319 (2019), renews the limitations period; and (3) the interest of judicial economy and the "ends of justice" require addressing the issue. [Doc. 21 at 1].

13

A federal prisoner has one year in which to file a § 2255 motion, including any amendments to the motion. 28 U.S.C. § 2555(f); *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing to § 2255, ¶6—now § 2255(f)—as providing a "one-year limitations period in which to file a motion to vacate a federal conviction"); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (Any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to the same one-year statute of limitations.). Section 2255(f)'s one-year statute of limitations runs from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively appliable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). These same provisions govern the timeliness of later-filed amendments. *Felix*, 545 U.S. at 662.

Petitioner has failed to demonstrate, or even allege, that subsections (f)(2) or (f)(4) apply. As to subsection (f)(1), judgment was entered in Petitioner's criminal case on February 5, 2018. [Crim. Doc. 61]. Petitioner did not appeal. Accordingly, his convictions became final on February 20, 2018, the first day the court was open after fourteen days had passed since the judgment was entered. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Accordingly, under subsection (f)(1),

14

Petitioner had until February 20, 2019, to file a § 2255 motion, or any timely amendments. Petitioner's § 2255 motion, filed on January 14, 2019, was timely. However, his motion to amend and add Claim 5, filed June 24, 2019, was not. [Docs. 1, 14].

Nevertheless, Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies, and must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 2562 (2010) (quotation and citation omitted). The only argument Petitioner raises that could even arguably be construed as seeking equitable tolling is his claim that the interests of judicial economy and the ends of justice require the Court to address his Claim 5. However, this assertion falls far short of a showing that Petitioner pursued his rights diligently and some extraordinary circumstance prevented him from timely filing Claim 5. Accordingly, Petitioner has not met his burden of establishing that he is entitled to equitable tolling.

If equitable tolling does not save an untimely amendment, courts must then look to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claim "relates back" to a timely, original pleading, and is thus saved from being time-barred. *Felix*, 545 U.S. at 656-57. In part, an amended claim relates back if it "ari[i]se[s] out of the [same] conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and

15

explained that an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

No facts similar to the newly proposed claim were raised in Petitioner's initial § 2255 motion. A review of the original § 2255 motion shows that he alleged facts relating to counsel's alleged failure to (1) challenge the retroactive application of SORNA; (2) inform him of the elements of the enticement offense; (3) challenge the SORNA count on the grounds that Petitioner's prior sex offense was invalid; and (4) challenge the charge for committing a crime of violence on the ground that the definition of crime of violence in § 16(b) is unconstitutionally vague. The only factual basis that even remotely relates to Claim 5 is Petitioner's Claim 4, which argues that counsel should have challenged his charge under § 2250(d) because § 16(b)'s definition of a crime of violence was unconstitutionally vague. Although Claim 5 relies on a similar theory for asserting that U.S.S.G. § 4B1.5 should be deemed unconstitutionally vague, Petitioner made no mention of § 4B1.5, or the sentencing guidelines at all, in his initial § 2255 motion. Accordingly, this link is insufficient to conclude that Claim 5 relates back to Petitioner's initial § 2255 motion.

Because the proposed amended claim does not share "a common core of operative facts" with the claims raised initially, Petitioner's newly minted claim does not relate back

to the timely ones in his motion to vacate. Therefore, Petitioner's new claim is barred unless he can establish that it is timely under subsection (f)(3).

With regard to subsection (f)(3), Petitioner seeks to rely on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), which contained the residual clause of the definition of a crime of violence for purposes of a sentencing enhancement, was void for vagueness for the same reasons that the residual clause of the ACCA was deemed void for vagueness in *Johnson*. *Davis*, 139 S. Ct. at 2324, 2336. The Sixth Circuit has concluded that *Davis* is a new rule of law that applies retroactively on collateral review. *In re: Franklin*, 950 F.3d 909, 911 (6th Cir. 2020). Accordingly, *Davis* could serve as a new start date for the one-year limitations period *if Petitioner's new claim is actually premised on Davis*.

Notably, on its face, Petitioner's Claim 5 does not appear to be based on *Davis*. Petitioner was never charged or convicted under § 924(c). Instead, Petitioner's Claim 5 seems to argue that, because § 4B1.5 of the Sentencing Guidelines is entitled "Repeat and Dangerous Sex Offenders," the same analysis that applied to § 924(c)'s crime of violence definition applies to the term "dangerous."

Section 4B1.5 of the Sentencing Guidelines relates to "Repeat and Dangerous Sex Offender[s] Against Minors[.]". U.S.S.G. 4B1.5. Under the guideline, "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction[,]" certain enhanced offense level and criminal history categories apply. U.S.S.G. § 4B1.5(a). Specifically, the

17

defendant's offense level is calculated as the greater of that calculated under Chapters Two and Three or the offense level from the included table, which is based on the offense's statutory maximum. U.S.S.G. § 4B1.5(a)(1). Likewise, the defendant's criminal history category is calculated as the greater of that calculated under Chapter Four, Part A, or a category V. U.S.S.G. § 4B1.5(a)(2). Under this guideline, Petitioner's offense category was enhanced to level 37, but his criminal history category was not affected. [Doc. 50 at ¶¶ 45, 73].

Section 4B1.5 does not contain any similar language to the residual clauses of the ACCA, § 924(c), or § 16(b), which have been held unconstitutionally vague. Petitioner's argument relating to the term "dangerous" in the title of § 4B1.5 is irrelevant, as nothing in the actual text of the guideline requires a finding that Petitioner was "dangerous." Instead, for the guideline to apply, (1) the instant offense must be a covered sex offense; (2) the career offender guideline must be inapplicable; and (3) the defendant must have a prior conviction for a sex offense against a minor. The prior "sex offense" conviction is defined by reference to certain federal criminal statutes, and any state conviction that would have fallen within those statutes if the crime had been committed within federal jurisdiction. Because nothing in these requirements, or the sex offense definition, involve similarly vague language as that in *Davis*, that case is inapplicable to Petitioner, and he may not rely on subsection (f)(3) for the timeliness of his motion to amend. Accordingly, Petitioner's Claim 5 is untimely, and the motion to amend [doc. 14] will be **DENIED**.

Finally, even if the Court were to deem Petitioner's Claim 5 timely, it is nonetheless meritless for the same reason discussed above. Moreover, even if § 4B1.5 had any

requirement that could be deemed comparable to the residual clauses of the ACCA, § 924(c), or § 16(b), the void-for-vagueness doctrine that invalidated those clauses is not applicable to the advisory Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Accordingly, Petitioner's Claim 5 would be futile, and for this alternative reason, the motion to amend [doc. 14] will be **DENIED**.

## Claim 4:

Lastly, in his fourth claim, Petitioner argues that § 2422(B) is a divisible statute and that enticement is a non-violent offense which cannot serve as a predicate offense under § 2250(d). [Doc. 1 at 8]. He contends that counsel should have raised this issue. [Doc. 2 at 8].

The government responded that Petitioner has not identified how this affected his conviction or sentence. [Doc. 7 at 7]. According to the government, the Rule 11(c)(1)(C) plea agreement did not contain any five-year consecutive term in addition to a sentence for violating SORNA [§ 2250(a)], and the parties agreed on a 5-year sentence on the SORNA count. [*Id.* at 8]. After his conviction, the Supreme Court invalidated § 16(b)'s definition of a crime of violence, but counsel's failure to anticipate a change in the law is not ineffective assistance. [*Id.*]. The government further asserts that Petitioner suffered no prejudice because the 5-year sentence fits within the statutorily authorized penalties without the § 2250(d) enhancement. [*Id.* at 9].

Thereafter, Petitioner filed a counseled supplement regarding this claim, arguing that, in light of the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his conviction and five-year consecutive sentence for violating §§ 2250(d) <u>and</u> (a) must be

vacated entirely. [Doc. 13 at 1]. Under § 2250(d), Petitioner was charged with failing to register as required by SORNA and "commit[ing] a crime of violence[.]" [*Id*. at 2]. Although he stipulated in his plea agreement that the attempted enticement offense in Count One was "a statutory crime of violence as defined by 18 U.S.C. § 16," in light of *Dimaya*, that offense is no longer a "crime of violence" under § 16 since, by its plain terms, the offense contains no element of force, attempted force, or threat of force. [*Id*. at 3]. Petitioner contends that his guilty plea does not waive his claim of actual innocence because the plea of guilty to a crime he did not commit was unknowing and unintelligent. [*Id*. at 4]. Petitioner admits that he waived his right to collaterally attack that conviction, but the waiver, like his guilty plea, was itself the result of ineffective assistance, and therefore, should not present a barrier to this claim. [*Id*. at 6]. Petitioner contends that it is certain that the outcome of the proceedings would have been different, absent counsel's deficient performance, because he would not have pled guilty to, and could not have been convicted of, Count 2 at all. [*Id*. at 7]. Defendant contends that the fact that the sentence imposed on both counts was not greater than what he could have received for Count 1 does not mean that he was not prejudiced by the obvious error regarding Count 2. Accordingly, he contends that he is entitled to have his conviction on Count 2 vacated and to be resentenced on Count 1 alone. [*Id*.].

In a brief filed prior to the defendant's counseled reply, the government argued that, in light of *Dimaya*, § 2250(d) no longer applies to Petitioner but he remains properly convicted of § 2250(a), for which the negotiated 5-year sentence is lawful. [Doc. 18 at 3]. The United States maintained that Petitioner was not actually subject to the enhanced

penalties of § 2250(d) because he did not receive a consecutive 5-year sentence in addition to a sentence for the SORNA violation. Therefore, the parties agree that § 2250(d) is now inapplicable, but they disagree as to whether and to what extent Petitioner is eligible for § 2255 relief. [*Id.*].

According to the United States, Petitioner waived his right to file a § 2255 motion with limited exceptions and his *Dimaya* claim does not fall within these exceptions, as explained in the prior response. [*Id.* at 3-4]. Only if he was subjected to the enhanced penalties of § 2250(d) is he eligible for § 2255 relief, because the purpose of such relief is to put the defendant in the position that he would have been without the error. [*Id.* at 4]. The United States contends that because Petitioner was properly convicted under § 2250(a), the Court should amend the judgment to reflect that the offense of conviction for Count 2 is § 2250(a) alone. The United States concludes that the Court need not revisit the sentence because it was the product of the negotiated plea agreement based on offense conduct which is not changed by *Dimaya*. [*Id.*].

In his counseled brief, Petitioner argues that his § 2250(d) conviction represents a separate offense rather than a mere enhancement to a § 2250(a) SORNA violation. [Doc. 19, ex. 1 at 1]. As such, he insists that his Count 2 conviction must be vacated entirely. [*Id.* at 4].

### a. Applicability of § 2250(d) after *Dimaya*

Under Section 2250(a) of Title 18, a person who (1) is required to register under SORNA; (2) is a sex offender as defined for the purposes of SORNA, or travels in interstate or foreign commerce; and (3) knowingly fails to register or update a registration under

SORNA, is to be imprisoned for a term of no more than 10 years. 18 U.S.C. § 2250(a). However, under subsection (d), if "[a]n individual described in subsection (a) . . . commits a crime of violence[,]" the individual is subject to a separate sentence, consecutive to that provided for in subsection (a), of "not less than 5 years and not more than 30 years." 18 U.S.C. § 2250(d).

> Title 18 defines a "crime of violence" as:
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Subsection (a) is often referred to as the "elements clause" while subsection (b) is referred to as the "residual clause." *Dimaya*, 138 S. Ct. at 1211. In *Dimaya*, the Supreme Court invalidated the residual clause, § 16(b), holding that the section was unconstitutionally vague. *Id.* at 1210, 1223. In light of this, an offense may only qualify as a crime of violence for purposes of § 2250(d) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 16(a).

The parties here appear to agree that Petitioner's § 2250(d) conviction was based on the enticement charge in Count 1 as the predicate crime of violence. As noted previously, § 2442(b) makes it a crime to use, or attempt to use, any facility or means of interstate commerce to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any

22

person can be charged with a criminal offense[.]" 18 U.S.C. § 2422(b). The government concedes that Petitioner's § 2422(b) conviction does not qualify as a crime of violence under § 16(a), and therefore, his § 2250(d) conviction is no longer valid.

### b. Ineffective Assistance

The parties contest whether the collateral attack waiver operates to bar Petitioner from raising the instant claim. However, Petitioner's collateral attack waiver specifically provided an exception for claims based on ineffective assistance of counsel. [Crim. Doc. 47 at 8]. Petitioner, even in his initial *pro se* filing, made clear that Claim 4 was an ineffective assistance of counsel claim, arguing that his "attorney should have challenged this issue[.]" [Doc. 1 at 8; Doc. 2 at 7-8]. In his counseled supplement, Petitioner reiterates that counsel was ineffective in not recognizing this issue, failing to raise a vagueness challenge, and failing to appeal the illegal conviction. [Doc. 13 at 6]. Accordingly, if Petitioner has in fact established that his counsel was ineffective in failing to challenge the charge under § 2250(d), then Petitioner's claim falls outside the scope of the collateral attack waiver. The Court concludes that Petitioner has made such a showing.

Although the Supreme Court did not invalidate § 16(b) in *Dimaya* until 2018, on July 7, 2016, the Sixth Circuit held that § 16(b), as cross-referenced in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), was void for vagueness. *Shuti v. Lynch*, 828 F.3d 440, 451 (6th Cir. 2016). Petitioner was indicted on the charge under § 2250(d) *after* the Sixth Circuit invalidated § 16(b). So, although the Supreme Court had not yet ratified that decision in *Dimaya*, Petitioner's § 2250(d) conviction was nonetheless invalid under the binding law of this Circuit at the time Petitioner entered his guilty plea. Counsel's

23

failure to raise this issue and instead allow Petitioner to enter a guilty plea to the invalid charge under § 2250(d), when Petitioner clearly could not be convicted on that charge under binding Sixth Circuit law at the time, was not "reasonable[] under prevailing professional norms." *See Strickland*, 466 U.S. at 688. Counsel thus performed deficiently in this regard.

Moreover, the Court concludes that Petitioner was prejudiced by this deficient performance. Although the government argues that Petitioner was not prejudiced, because the agreed-upon sentence in the Rule 11(c)(1)(C) plea agreement fell within the statutory range authorized under § 2250(a), which remains valid, the fact that Petitioner's sentence may remain the same does not necessarily indicate that Petitioner has suffered no prejudice. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Strickland*, 466 U.S. at 703. In this case, it is clear that, had counsel raised a challenge to the portion of Count 2 charging Petitioner with a violation of § 2250(d), that challenge would have been successful, and at least that portion of Count 2 would have been dismissed. Even though Petitioner may have remained validly convicted on Count 2 under § 2250(a) alone, the judgment of conviction would no longer have included § 2250(d) as to Count 2. Moreover, there is always a potential of unforeseen collateral consequences to a conviction under a particular statute, and the Court is loath to determine that Petitioner's invalid § 2250(d) conviction is not prejudicial merely on the grounds that his sentence would seemingly remain unchanged. Furthermore, the parties' negotiated sentence was based on the charged offenses in their entirety. Accordingly, the Court determines that,

24

because Petitioner's conviction under subsection (d) would have been omitted from the judgment of conviction had counsel raised this issue, Petitioner has established that the result of the proceeding would have been different.

Because Petitioner has established both that counsel performed deficiently in failing to raise this issue, and that he was prejudiced by this failure, the Court intends at this time to ultimately grant Petitioner's § 2255 motion as to Claim 4, at least in part. At this time, however, the Court will hold that claim in abeyance pending further briefing by the parties. The Court now turns to the appropriate remedy.

### c. Remedy

Once the Court has determined that relief under § 2255 is merited, and if the judgment is vacated, the Court must grant one of four remedies "as may appear appropriate": (1) "discharge" the prisoner, (2) "resentence" the prisoner, (3) "grant a new trial," or (4) "correct" the sentence. *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(b)). The Court has "wide berth in choosing the proper" remedy. *Id*. at 633 (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997)).

In this case, Petitioner remains convicted of Count 1 and he seeks resentencing. As such, the pertinent remedies are a resentencing of Petitioner or a correction of his sentence.

The Court will at this point put this case on pause to allow the parties—Petitioner in particular—to carefully reflect on their sought-after resolution. To be blunt, the Court has serious concerns that that Petitioner's focus on the battle of his fourth claim may have caused him to lose sight of the greater war.

With or without a conviction on Count 2 of the indictment, Petitioner remains convicted of Count 1—his <u>second</u> conviction in federal court for the egregious offense of enticement of a minor. His advisory guideline range for Count 1 alone remains 262 to 327 months' imprisonment, well above the negotiated 240-month sentence that he now asks this Court to discard. Petitioner remains a criminal history category VI. In addition to the prior enticement, his criminal history includes multiple firearm convictions, failure to register as a sex offender, assault and battery on a family member, violation of a protective order, and numerous probation violations. [Crim. Doc. 50].

In light of these considerations, absent a sentencing agreement the parties will be directed to file supplemental briefing regarding their recommended resolution no later than March 19, 2021.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to amend [doc. 14] will be denied. Claims 1, 2, and 3 of his § 2255 motion [doc. 1] will be denied, and Claim 4 will be held in abeyance.

An order consistent with this opinion will be entered.

s/ Leon Jordan
_____
United States District Judge